## HALL *v.* SCOTT COUNTY.

*(Circuit Court, E. D. Missouri.  February 4, 1881.)*

1. COVENANTS OF SEIZIN RUN WITH THE LAND.

   A covenant that land conveyed is "the property" of the grantor, and that it "has a good right to sell and convey the same," runs with the land, and will enure to the benefit of a subsequent transferee.

2. AGENCY—POWER TO SELL.

   The agents of a county, empowered to sell property, can sell only the title and interest of the county, however the proceeds of the sale are to be applied.

   *Henry* v. *Atkinson,* 50 Mo. 266.

3. COVENANT—CONSTRUCTION OF.

   A covenant of title should be taken in connection with the terms of the deed, and as only applicable to lands thereby conveyed.

*Robert Harbison,* for plaintiff.

*Louis Houck* and *William Hunter,* for defendant.

TREAT, D. J.   This is an action at law to recover on the alleged covenants by defendant in its deed to plaintiff's grant-

ors of certain tracts of land, the title to which never was in
the defendant. The absence of title was only as to some of
the tracts scheduled, and the claim for recovery is as to the
proportionate value of said tracts.

Many points have been urged involving the power of the
county court to convey such lands in any other than the alleged
statutory mode. The lands were swamp and overflowed
lands, the title to which passed from the United States to the
state of Missouri, and from the latter to the defendant. By
the terms of the state grant nothing passed to the defendant
except what was in Scott county. The general law provided,
it is urged, the manner in which the county might sell the
same; also, the *minimum* price per acre; which limitations on
the county authority, it is averred, were wholly disregarded.
How that may be it is not necessary now to determine.

Under the rulings of the supreme court of Missouri, nota-
bly in the two cases reported in 23 Mo., (*Dickson* v. *Desere's
Adm'r,*[*]) the covenants of title ran with the land, and dam-
ages for the breach are recoverable by the present grantee
from the original covenantor, provided the county court had
power to make said covenants, and was not restricted to a
single conveyance of the county's right, title, and interest in
the property.

Grants are sometimes to a county for a specified pur-
pose,—as for the benefit of the public schools,—and con-
sequently, if the county court could sell and warrant, and a
breach of warranty should follow, it might be that the gen-
eral revenues of the county could be made to answer instead
of the specific fund. That question has been often discussed,
and it has been held, by the supreme court of Missouri, in
accordance with sound principle, that the agents of a county
empowered to sell property can sell only the title and inter-
est of the county, however the proceeds of the sale are to be
applied.

If there passed into the county treasury, either for general
or special uses, the purchase money received for the property,
it might seem that the principle on which *Wood* v. *City of*

[*]23 Mo. 151; *Chamber's Adm'r* v. *Smith's Adm'r*, Id. 174.

*Louisiana* was decided ought to cover the case. But the distinction between the two cases is clear.

It is unnecessary, however, to pursue such inquiries. It is patent, from the terms of the deed, that the parties understood that no tract of land outside the county was to be conveyed, and all swamp and overflowed lands inside, with the express exception named, should pass. The terms of the deed are clear and precise to that effect. The sale was in gross. The schedule annexed was admitted to be imperfect. The words of the deed are:

"All the lands in said county of Scott, wherever *therein* situated, belonging to said county of Scott, and known as the swamp and overflowed lands in said county, [except the lands known as the Cairo & Fulton Railroad lands,] all of which swamp and overflowed lands belonging to said county at this date are embraced, as *it is believed,* in the schedule hereinbefore set forth; but all such swamp and overflowed lands belonging to said county [except, etc.] being embraced in this sale, and conveyed by this deed, whether contained in said descriptive schedule, or by error or oversight or otherwise omitted from the same, or erroneously described therein," etc.

The covenant relied on by plaintiff follows in the deed the foregoing description, and must be held restricted thereto. It is now ascertained that some of the tracts named in the schedule are outside of the county, and this suit is to recover the supposed value thereof, under the covenants of title. If the well-settled canons of construction are resorted to, it must be held that the plain intent of the deed was to convey no lands not belonging to the county, and none situate outside of the county; also, no lands except swamp and overflowed lands. There seems to have been some uncertainty as to what lands, according to United States survey, had passed by legislative grant, and hence the original bargainers and the county court expressed in the deed that despite omissions or inaccurate descriptions all such lands in the county, and belonging to the county, should pass. To give more definiteness as to the lands, a schedule of the tracts supposed to be embraced within the terms of the deed was made.

The covenant following the above-recited description as to what was embraced in the conveyance is as follows:

"And it being hereby expressly declared and covenanted by said grantor [the county] that all the lands contained in said schedule are actually the property of said Scott county at the date of this deed, and that she has a good right to sell and convey the same."

It is on that covenant this suit is founded. The main inquiry is whether that covenant, taken in connection with the terms of the deed, covered lands other than those belonging to the county, situate within the county, being swamp and overflowed lands. To hold that the covenant extended as far as plaintiff claims would be to disregard the obvious scope and extent of the deed.

Demurrer is sustained.